UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE DEBTOR:

LAWRENCE EDWARD MARKER
   aka Larry Marker,
   aka Lead Marker,
P.O. BOX 3188
ROSWELL, NM 88202
SSN/ITIN: XXX-XX-9591

Case No. 23-11087-J13

    Debtor.


AMANDA JOHNSON,

    Plaintiff,

vs.

Adv. Case No. _____

LAWRENCE EDWARD MARKER,

    Defendant.

## COMPLAINT OBJECTING TO DISCHARGE OF OBLIGATION

COMES NOW the Plaintiff, Amanda Johnson, by and through her attorneys of record, Hinkle Shanor LLP (Lucas M. Williams), and pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(5), and Federal Rules of Bankruptcy Procedure 4007 and 7001, brings this adversary proceeding objecting to the discharge of obligations owed by Lawrence Edward Marker ("Marker") to Mrs. Johnson. Marker is not an "honest but unfortunate debtor." *Cohen v. de la Cruz*, 523 U.S. 213 (1998). Marker's obligation to Mrs. Johnson cannot be discharged because it is the product of his express written misrepresentations regarding his and his alter ego company, LLJ Ventures, LLC's financial condition, his promise to pay for the domestic support obligations of Mrs. Johnson's ex-husband, and his express and implied misrepresentations calculated to cause Mrs. Johnson to pay Marker's creditors, to guarantee his debts, and to forebear collection on the monies he owed her.

*Jurisdiction and Venue*

1. The Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), and 1334(b).

2. Venue is proper pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to the above-referenced bankruptcy case currently pending in the United States Bankruptcy Court for the District of New Mexico.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) & (J) because it concerns a determination regarding an objection to dischargeability.

*Facts Common to All Claims*

4. Mrs. Johnson is a resident of Nebraska.

5. Marker is a resident of Chaves County, New Mexico.

6. On December 1, 2023, Marker filed his "Voluntary Petition for Individuals Filing for Bankruptcy" under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Mexico. Marker's bankruptcy action is pending as Case No. 23-11087-j13 (the "Marker Bankruptcy").

7. LLJ Ventures, LLC, was a New Mexico limited liability company organized on July 30, 2012, and revoked by the New Mexico Secretary of State on October 29, 2020. Marker was the sole member of LLJ Ventures, LLC, and he continues to operate it as a sole proprietorship.

8. Marker has filed a "Voluntary Petition for Non-Individuals Filing for Bankruptcy" for LLJ Ventures, LLC under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Mexico. LLJ Ventures, LLC's bankruptcy action is pending as Case No. 23-11086-t7.

9. Marker has admitted that he and LLJ Ventures, LLC are alter egos and they have been so adjudicated. Marker had no personal financial accounts and used LLJ Ventures LLC's financial accounts as his own.

10. Mrs. Johnson is one of Marker's and LLJ Ventures, LLC's creditors in the Marker Bankruptcy and in the LLJ Ventures, LLC Bankruptcy by virtue of

   a. the February 22, 2013 Purchase and Sale Agreement (the "PSA") between the seller JAM Oil, LLC, the buyer LLJ Ventures, LLC, and the lien holder Amanda Johnson, [Exh. A],

   b. the November 3, 2023 Decision of the district court in the lawsuit styled *Amanda Johnson v. Larry Marker and LLJ Ventures, LLC*, Cause No. D-504-CV-2017-00932, in the Fifth Judicial District of the State of New Mexico in Chaves County, [Exh. B], and

   c. the November 22, 2023 Judgment in the same lawsuit. [Exh. C]

11. In 2010, Plaintiff divorced her husband, John R. Johnson. [Exh. B.2 ¶ 4] The principal asset of the marriage was JAM Oil, LLC valued at $928,590. [*Id.* at ¶ 5] Pursuant to a Marital Settlement Agreement, and after equalizing the community assets and debts, Mr. Johnson took sole ownership of JAM Oil, LLC and agreed to pay Plaintiff $216,500 over a five-year period at 7% interest. [*Id.*; Exh. D.10] The obligation was one for support otherwise arising out of the marital relationship of the parties. [Exh. D.5 ¶ 8] Mr. Johnson's $216,400 domestic support obligation is reflected in the "Stipulated Final Decree and Order" in the divorce proceeding styled *Amanda B. Johnson v. John R. Johnson*, Case No. DM-10-150, in the Fifth Judicial District of the State of the New Mexico in Chaves County. [Exh. E.2 ¶ 9, E.3–4 ¶¶ 8, 10 & 11]

12. Mr. Johnson made one and only one $3,000 payment and, in December 2012, Plaintiff recorded a Notice of Judgment Lien in the Office of the County Clerk of Chaves County, New Mexico, at Book 706, Page 998 in the amount of $254,670.69 that referenced the divorce action and the final decree (the "Divorce Lien"). [Exh. B.2 ¶¶ 6 & 9]

13. In 2013, Marker, the sole member of LLJ Ventures, LLC, offered to purchase JAM Oil, LLC's "right, title and interest of any kind and character" in certain oil and gas wells. [Exh. B.2–3 ¶ 10]

14. Marker and LLJ Ventures, LLC retained an attorney to draft the PSA. Mr. Johnson and JAM Oil, LLC did not have counsel. [Exh. B.3 ¶ 11]

15. Prior to the sale, Marker and LLJ Ventures, LLC discovered the Divorce Lien. [Exh. B.3 ¶ 12]

16. Marker understood that the Divorce Lien was related to Mr. Johnson's domestic support obligations:

> When me and Johnny first started talking about this, I said "Johnny, I don't know your ex-old lady," and I probably used the term, "ex-old lady."
>
> "I don't know your ex-old lady, but I have had ex-wives. I don't want to deal with my ex-old lady, and I don't want to deal with your ex-old lady, so if we do this, it's going to have to be a deal where I don't have to deal with your ex-wife."

[Exh. F, Dep. LM 67:5–67:12]

17. Marker contacted Mrs. Johnson and offered to assume Mr. Johnson's domestic support obligations under the Marital Settlement Agreement and the Stipulated Final Decree and Order and to pay the lien amount of $254,670.69 in exchange for Plaintiff not seeking to foreclose upon the Divorce Lien. Mrs. Johnson accepted the offer. [Exh. B.3 ¶ 13]

18. Marker, LLJ Ventures, LLC, and their attorney drafted the final PSA. Mr. Johnson, JAM Oil, LLC, and Mrs. Johnson were not represented by counsel. [Exh. B.3 ¶¶ 14–15]

19. The final PSA contained written representations regarding Marker's and LLJ Ventures, LLC's financial condition. It represented that LLJ Ventures, LLC would pay and were financially able to pay Mr. Johnson's and JAM Oil, LLC's creditors at least $12,500 per month, including at least $1,500 per month to Mrs. Johnson, regardless of the oil and gas production proceeds from the purchased assets. [Exh. A.3–4, PSA § 2(c)(1)(b) and 2(c)(2)]

20. At the January 11, 2024, 341 Examination in this matter, Marker affirmed his representation in the PSA:

> Q. Mr. Marker, the purchase and sale agreement that was drafted by you and your attorney represented to Amanda Johnson and the other creditors that regardless of the oil and gas production from the assets purchased from JAM Oil, LLC, LLJ Ventures would pay a minimum of $12,500 per month to those creditors. Is that correct?
>
> A. That's what the original contract said, yes. I believe that's correct.

[Exh. G.24, 341 Tran. 24:3–24:11]

21. Although Marker repeatedly evaded the question of whether LLJ Ventures, LLC's financial condition was such that it could have paid $12,500 regardless of oil and gas production from the purchased assets, [Exh. G.24–G.26, 24:12–26:13], Marker's testimony established there he and LLJ Ventures, LLC had no intent or ability to make the minimum payments:

> Q. My question was this-at the time you entered into the contract, did LLJ Ventures have more than $12,500 in income than its expenses?
>
> A. By entering into the contract, I would've been able to earn more than-had the contract been legitimate, had everything worked out like it was supposed to, we would've had the ability to make that payment. Had I been able to sell crude oil like I was supposed to sell, as was provided by the contract, had would've been able to get a change of operator and sell crude oil like I was supposed to have been able to, yes, that would've been a great possibility.

[Exh. G.24–25, 341 Tran. 24:18–25:6]

22. In 2013, Marker and LLJ Ventures, LLC made three (3) payments of $1,500 to Mrs. Johnson. They never made any others. [Exh. B.5 ¶ 30]

23. Instead, Marker elected to pay other creditors and promised Mrs. Johnson that if she would defer those payments, he would make them up later. [Exh. B.5 ¶ 31]

24. Mr. Johnson died on December 5, 2013. [Exh. B.5 ¶ 32]

25. On February 18, 2015, Mr. Johnson's widow, Jovan Johnson, filed a lawsuit styled *Jovan Johnson, as Personal Representative of the Estate of John R. Johnson v. Larry Marker and LLJ Ventures, LLC*, Case No. D-504-CV-2015-00113, in the Fifth Judicial District of the State of New Mexico in Chaves County.

26. Marker, LLJ Ventures, LLC and their attorney persuaded Mrs. Johnson that if she would take responsibility for his obligation to the Estate of John R. Johnson, he would repay her and resume making the minimum $1,500 monthly payments.

27. Mrs. Johnson paid $15,000 for Marker's and LLJ Ventures, LLC's debts and guaranteed another $40,000 on their behalf with the understanding that Mrs. Johnson would be repaid the $15,000, that Marker and LLJ Ventures, LLC would pay the Estate $40,000 by December 31, 2015, and that Marker and LLJ Ventures, LLC would resume making minimum monthly payments under the PSA.

28. Marker and LLJ Ventures, LLC never repaid the $15,000 to Mrs. Johnson and did not pay the $40,000 to the Estate.

29. In 2016, because of Marker's and LLJ Ventures, LLC's failure to pay the $40,000, Jovan Johnson filed a lawsuit styled *Jovan Johnson v. Amanda Johnson*, D-202-CV-2016-03431 in the Second Judicial District of the State of New Mexico in Bernalillo County.

30. Marker's and LLJ Ventures, LLC's counsel advised them that Mrs. Johnson "is going to take a beating if you don't figure out how to keep your word to her…."

31. Mrs. Johnson retained counsel to resolve Jovan Johnson's lawsuit against her and Marker's and LLJ Ventures, LLC's failure to perform their obligations under the PSA. Mrs. Johnson's relationship with Marker became adversarial.

32. In July 2017, Marker, LLJ Ventures, LLC, and their counsel created a plan wherein their attorney who drafted the PSA and represented Marker and LLJ Ventures, LLC, would represent Mrs. Johnson if she would fire her conflict-free counsel. Marker, wrote Mrs. Johnson stating "I told you I would not quit you and I won't," but attempted to

have her agree to substitute Marker and LLJ Ventures, LLC's profoundly conflicted counsel to be "adverse" to Marker and LLJ Ventures, LLC.

33. On September 27, 2017, Mrs. Johnson filed suit against Mr. Marker and LLJ Ventures, LLC, in an action styled *Amanda Johnson v. Larry Marker and LLJ Ventures, LLC*, Cause No. D-504-CV-2017-00932 in the Fifth Judicial District of the State of New Mexico in Chaves County.

34. On May 25, 2021, the district court entered partial summary judgment that Marker and LLJ Ventures, LLC were alter egos. [Exh. B.2 ¶ 3, B.9 ¶ 1]

35. The matter went to trial on July 7, 2021, and on April 27, 2023. [Exh. B.1] Mrs. Johnson alleged that Marker and LLJ Ventures, LLC breached the PSA by failing to make monthly payments and further violated New Mexico's Oil and Gas Proceeds Payment Act. Marker counterclaimed and asserted that Mrs. Johnson (a) made fraudulent representations regarding a judgment and lien, (b) made negligent representations regarding conveyed properties, (c) negligently misrepresented material facts, (d) made fraudulent misrepresentations of material facts, and (e) engaged in malicious abuse of process. [*Id.*]

36. On November 3, 3023, the trial court issued its decision denying Markers' counterclaims, [Exh. B.8–9 ¶¶ 25-27], denied Mrs. Johnson's claim under the Oil and Gas Proceeds Payment Act,[1] [Exh. B.7–8, ¶¶ 15–24], and ruled in favor of Mrs. Johnson on her breach of contract claim. [Exh. B.6–7 ¶¶ 2-14, Exh. B.9–10, ¶¶ 2–5]

37. The trial court issued its judgment on November 22, 2023, [Exh. C], and Mr. Marker and his alter ego, LLJ Ventures, LLC, filed for bankruptcy on December 1, 2023.

---

[1] Mrs. Johnson intends upon appealing the trial court's ruling on her Oil and Gas Proceeds Payment Act claim when the automatic stay is lifted.

## First Claim for Relief
### Determination that Lawrence Edward Marker's Obligations to Amanda Johnson are Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(B)

38. The foregoing paragraphs are incorporated by reference.

39. Larry Marker and his alter ego, LLJ Ventures, LLC, obtained oil and gas properties from JAM Oil, LLC subject to Mrs. Johnson's Divorce Lien through the use of the PSA. The PSA is a statement in writing drafted solely by Marker and LLJ Ventures, LLC.

40. The PSA represented that LLJ Ventures, LLC's financial condition was such that it was able to and would pay Mr. Johnson's creditors at least $12,500 per month, including at least $1,500 to Mrs. Johnson, regardless of the production from the purchased oil and gas properties. Marker knew that LLJ Ventures, LLC was not able to pay Mr. Johnson's creditors separate and apart from the anticipated production from the purchased oil and gas properties. The representations were materially false regarding Marker's and his alter ego LLJ Ventures, LLC's financial condition.

41. Mrs. Johnson reasonably relied upon Marker's and LLJ Ventures, LLC's written representations regarding LLJ Ventures, LLC's financial condition and entered into the PSA.

42. Marker and LLJ Ventures, LLC intended to and did deceive Mrs. Johnson regarding their financial condition when they offered to pay Mr. Johnson's domestic support obligations to Mrs. Johnson in exchange for her not foreclosing upon the Divorce Lien.

43. Mrs. Johnson suffered losses as a result of relying upon Marker's written misrepresentations.

44. Pursuant to 11 U.S.C. § 523(a)(2)(b), the Court should declare that Marker's obligations to Amanda Johnson are non-dischargeable.

## Second Claim for Relief
### Determination that Lawrence Edward Marker's Obligations to Amanda Johnson are Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A)

45. The foregoing paragraphs are incorporated by reference.

46. While represented by counsel, Marker and LLJ Ventures, LLC made express and implied misrepresentations to Mrs. Johnson to create the false impression that they would, someday, begin making payments to Mrs. Johnson pursuant to the PSA. These misrepresentations include, but are not limited to:

   a. promises that deferring payments so that other creditors could be paid would result in payments to her;

   b. promises that lending him $15,000 and assuming responsibility for $40,000 of his debt would result in repayment of the $15,000 and resumption of payments to her; and

   c. promises that if she would fire her independent counsel and hire their own attorney to be adverse to them they "would not quit her."

47. Marker and LLJ Ventures, LLC's misrepresentations were made with the intent to deceive Mrs. Johnson.

48. Mrs. Johnson reasonably relied on their misrepresentations of deferred payments, loans, and financial responsibility in an effort to recover the monies owed to her.

49. Mrs. Johnson was damaged as a result of Marker and LLJ Ventures, LLC's misrepresentations.

50. Pursuant to 11 U.S.C. § 523(a)(2)(A), the Court should declare that Marker's obligations to Amanda Johnson are non-dischargeable.

*Third Claim for Relief*
*Determination that Lawrence Edward Marker's*
*Obligations to Amanda Johnson are Non-Dischargeable*
*Pursuant to 11 U.S.C. § 523(a)(5)*

51. The foregoing paragraphs are incorporated by reference.

52. Amanda Johnson secured a domestic support obligation from John R. Johnson in 2010.

53. On February 22, 2013, and by entering into the PSA drafted by Marker, LLJ Ventures, LLC, and their attorney, Marker and LLJ Ventures agreed to assume Mr. Johnson's domestic support obligation to Mr. Johnson's former spouse, Amanda Johnson.

54. Pursuant to 11 U.S.C. §§ 101(14A) and 523(a)(5), the Court should treat Mrs. Johnson as the former spouse of Marker and LLJ Ventures, LLC and should declare that Marker's obligations to Amanda Johnson are non-dischargeable.

WHEREFORE Amanda Johnson requests that the Court determine that Lawrence Edward Marker's obligations to Amanda Johnson are non-dischargeable and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

HINKLE SHANOR LLP

By: _____
Lucas M. Williams
P.O. Box 10
Roswell, New Mexico 88202-0010
(575) 622-6510

*Attorneys for Amanda Johnson*